JOHN B. VICK, admr., v. W. S. FLOURNOY et al.

(Filed 25 March, 1908).

1. State Courts—Jurisdiction—Nonresident Defendants—Quasi in Rem.

The courts of this State have jurisdiction of the persons of nonresident defendants to the extent required in proceedings *in rem* or *quasi in rem,* when personal service is made by complying with the requirements of Revisal, sec. 448, and the property is situated here.

2. State Courts—Jurisdiction—Nonresident Defendants—Locus in Quo—Situs.

A motion, by special appearance of nonresident defendants, to dismiss the action for want of jurisdiction of the person will not be granted in a suit to redeem lands and to enforce a contract solely in respect of the same, when the *locus in quo* is situated within the State and personal service was made in compliance with Revisal, sec. 448.

147—14

3. **Service—Summons—Nonresident Defendant—Seal of Clerk—Irregularity.**

> A summons issued without the seal of the Clerk of the Court, personally served upon nonresident defendants (Revisal, sec. 448), is an irregularity.

4. **Service—Summons—Nonresident Defendant—Seal of Clerk—Irregularity Cured.**

> Objection made to the summons for that it was issued under Revisal, sec. 448, without the seal of the Clerk of the Court, to nonresident defendants, cannot be sustained when it appears that defendants have been actually notified of the time and place of the trial and informed of the nature and purpose of the action. Such defect may now be cured by the act of the Clerk in supplying the seal pursuant to order properly made in the cause.

ACTION heard on notice to dismiss, before *Neal, J.,* at October Term, 1907, of EDGECOMBE.

The facts upon which said notice was considered and determined were as follows:

On 1 August, 1884, John Vick, who was the owner of a tract of land in Edgecombe County, North Carolina, executed to O. C. Farrar a mortgage on said land to secure a note for $1,474.34, which he owed Farrar and which was due and payable on 1 January, 1885. This mortgage was put to record in the Edgecombe registry, in Book 59, at page 265.

On the ... day of May, 1891, O. C. Farrar died testate and G. B. Wright qualified as his executor.

On the ... day of January, 1892, George B. Wright, executor, etc., and John Vick made an agreement that the said Wright, executor, should take possession of the land and work out the mortgage debt then due, and, in pursuance of that agreement, Wright, executor, did go into possession of the tract of land.

On the ... day of September, 1894, G. B. Wright, executor, died, and F. S. Royster qualified as administrator *d. b. n. c. t. a.* of O. C. Farrar.

On 11 April, 1898, John Vick, the owner of the land, died intestate, and on 23 August, 1907, his son, John B. Vick,

qualified as his administrator.   He was also the sole heir at law of the decedent.

In pursuance of the agreement by which Wright went into possession of the land, and after his death, the succeeding administrator, F. S. Royster, remained in possession of the same till 14 April, 1898, receiving the rents and profits therefrom.

On 14 April, 1898, the land was allotted to Annie M. Farrar as heir at law of O. C. Farrar in the division of his lands among his heirs at law, and soon thereafter the said Annie M. Farrar was married to the defendant W. S. Flournoy.

The said Annie M. Flournoy, from the time the land was allotted to her in the division of her father's lands among his heirs at law, to-wit, 14 April, 1898, remained in possession of the same, receiving the rents and profits therefrom, till November, 1898, when, by regular proceedings begun by Mrs. Mary Vick (John Vick's widow) against Annie M. Flournoy and John B. Vick (John Vick's heir at law), dower was allotted in the tract of land to Mrs. Mary Vick.   The boundaries of the dower tract are specifically set out in the complaint, and the proceedings are duly recorded in the records of Edgecombe County.

After her dower was allotted, in November, 1898, Mary Vick, the widow of John Vick, went into possession of the dower part of said land and held the same, receiving the rents and profits, till 30 August, 1905, when she died.

F. S. Royster, the administrator *d. b. n. c. t. a.* of O. C. Farrar, and Annie M. Flournoy and her husband, W. S. Flournoy, are all nonresidents of North Carolina, the former residing in Virginia and Mr. and Mrs. Flournoy in Missouri.

Various and sundry payments have from time to time been paid on the mortgage debt of John Vick prior to his death, and these payments, with the rents and profits collected by Wright and Royster, are sufficient to discharge the mortgage debt.

On 11 August, 1906, J. B. Vick brought his suit in the

Superior Court of Edgecombe County to redeem the said land
and to enforce the contract made in respect of the same with
him by the said Wright, executor, by virtue of which he went
into possession.

All the defendants being nonresidents, personal service
could not be had, and plaintiff made service in compliance
with provisions of subsection 8, section 218, Clark's Code, or
section 448 of the Revisal of 1905. With the requirements
of this statute strict compliance was made.

When the case came on for hearing, the defendants, through
their counsel, who had entered special appearance, moved to
dismiss the action, upon the ground that the court had "no
jurisdiction of the persons of the defendants, for want of
proper service of the process." Motion sustained, and the
plaintiff appealed.

*F. S. Spruill, W. O. Howard* and *J. R. Gaskill* for plaintiff.
*W. Stamps Howard* and *G. M. T. Fountain* for defendants.

HOKE, J., after stating the case: The principal question
presented in this appeal, on the right of plaintiff to proceed
as a matter of jurisdiction in the court, has been resolved
against the defendants' position in several decisions of this
Court, notably the case of *Bernhardt v. Brown,* 118 N. C.,
701 *et seq.* In that well-considered opinion the present Chief
Justice points out the different methods by which a court may
acquire jurisdiction of a cause and of parties litigant, and,
among other rulings, holds as follows: "1. There are three
modes for the 'due service of process'—(*a*) by actual service,
or, in lieu thereof, acceptance or waiver by appearance;
(*b*) by publication, in cases where it is authorized by law, in
proceedings *in rem,* in which case the court already has juris-
diction of the *res,* as to enforce some lien on or a partition of
property in its control; (*c*) by publication of the summons, in
cases authorized by law, in proceedings *quasi in rem,* in which
cases the court acquires jurisdiction by attaching property of

a nonresident, absconding debtor, etc.    A judgment obtained
under process served by the two last-named methods has no
personal efficiency, but acts only on the property.    2. A pro-
ceeding to enforce a mechanic's lien being *in rem*, the service
of summons by publication is authorized by section 218 (4)
of The Code, if defendant cannot after due diligence be found
in the State, whether he is a nonresident or a resident.    3. In
an action to enforce a mechanic's lien and in all other pro-
ceedings *in rem* it is not necessary, as in proceedings *quasi in
rem,* to acquire jurisdiction by actual seizure or attachment
of the property, the mere bringing of the suit in which the
claim is sought to be enforced being equivalent to seizure."
And, in *Graham v. O'Bryan,* 120 N. C., 463, the same Judge,
for the Court, said: "A service by publication on a nonresi-
dent, in an action affecting property, is valid without attach-
ment."    And again, in *Long v. Insurance Co.,* 114 N. C.,
465, and in other cases, it has been held that, while personal
service of process in another State on a nonresident defendant
is in lieu of service by publication and only available in cases
where such service would be sufficient, yet, when the statute
so provides and its terms are complied with, both methods are
valid as to actions substantially *in rem* or *quasi in rem,* and
where the relief sought is restricted to an application of the
property seized by process in the cause or to a judgment affect-
ing the title to property or some interest therein or lien
thereon which had its *situs* within the limits of the court's
jurisdiction.

The cases are in accord with the decisions of the Supreme
Court of the United States on the same subject.    *Penoyer v.
Neff,* 95 U. S., 715; *Arndt v. Griggs,* 134 U. S., 316.    In
this last case, being an action to determine the interest of
certain claimants to real estate situated within the State of
Nebraska, and to quiet the title thereto, *Mr. Justice Brewer,*
delivering the opinion of the Court, quotes with approval from
the case of *Beebe v. Doster,* 36 Kan., 666, 675, 677 *et seq.,* as

follows: "Mortgage liens, mechanic's liens, materialmen's liens and other liens are foreclosed against nonresident defendants upon service by publication only. Lands of nonresident defendants are attached and sold to pay their debts; and, indeed, almost any kind of action may be instituted and maintained against nonresidents to the extent of any interest in property they may have in Kansas,· and the jurisdiction to hear and determine in this kind of cases may be obtained wholly and entirely by publication. *Gillespie v. Thomas,* 23 Kan., 138; *Walkenhorst v. Lewis,* 24 Kan., 420; *Rowe v. Palmer,* 29 Kan., 337; *Venable v. Durch,* 37 Kan., 515, 519. All the States; by proper statutes, authorize actions against nonresidents and service of summons therein by publication only, or service in some other form no better; and, in the nature of things, such must be done in every jurisdiction, in order that full and complete justice may be done where some of the parties are nonresidents." And again, quoting from *Boswell's Lessee v. Otis,* 9 How., 336, 348: "Turning now to the decisions of this Court: In *Boswell's Lessee v. Otis,* 9 How., 336, 348, was presented a case of a bill for a specific performance and an accounting, and in which was a decree for specific performance and accounting, and an adjudication that the amount due on such accounting should operate as a judgment at law. Service was had by publication, the defendants being nonresidents. The validity of a sale under such judgment was in question. The Court held that portion of the decree and the sale made under it void, but, with reference to jurisdiction in a case for specific performance alone, made these observations: 'Jurisdiction is acquired in one of two modes—first, as against the person of the defendant, by the service of process, or, secondly, by a procedure against the property of the defendant within the jurisdiction of the court. In the latter case the defendant is not personally bound by the judgment beyond the property in question. And it is immaterial whether the proceeding

against the property be by an attachment or bill in chancery. It must be substantially a proceeding *in rem.* A bill for the specific execution of a contract to convey real estate is not strictly a proceeding *in rem* in ordinary cases; but where such a procedure is authorized by statute on publication, without personal service or process, it is substantially of that character.' And on the question before them the Court held: '(1) A State may provide by statute that the title to real estate within its limits shall be settled and determined by a suit in which the defendant, being a nonresident, is brought into court by publication. (2) The well-settled rules that an action to quiet title is a suit in equity, that equity acts upon the person, and that the person is not brought into court by service by publication alone, do not apply when a State has provided by statute for the adjudication of titles to real estate within its limits as against nonresidents, who are brought into court only by publication.' "

This is an action to establish plaintiff's title to a tract of land situated within the jurisdiction of the court, and to relieve the same from any and all liens that the defendants may hold on same. The terms of the statute providing for personal service beyond the State have been duly complied with. Revisal, sec. 448. And a correct application of the principles announced in the foregoing decisions clearly determines that, if the facts are established as alleged, the court has jurisdiction to afford the relief demanded. There is no doubt of the correctness of the position urged upon us by the defendants' counsel, that a valid judgment strictly *in personam* cannot be had unless there has been a voluntary appearance by defendant or there has been service of process upon him within the jurisdiction of the court, and that personal service of process beyond the jurisdiction does not affect the principle or render such a judgment valid. But the relief sought here is not strictly *in personam,* and, while it may not be with exactness a proceeding *in rem,* the decisions all treat

it as substantially *in rem,* and the question of the court's jurisdiction comes clearly within the principles we hold to be controlling, and the facts bring the case within the express terms of our statute providing for service by publication. Revisal, sec. 442. Such service may be had whenever defendant is a proper party relating to real property, and (subsection 3) "where he is not a resident of this State, but has property therein and the court has jurisdiction of the subject of the action"; (subsection 4) "where the subject of the action is real or personal property in this State and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding the defendant from any lien or interest therein."

Objection is further made to the summons served for that same is not under seal of the court. We are inclined to the opinion that, under section 431, Revisal, a seal is required—certainly it is always desirable—when a summons is sent to a distance. Its presence may serve to assure the officer of another State that the proceedings are in good faith and under official sanction; but when it appears that the defendants have been actually notified, as in this case, not only of the time and place when they are required to appear, but also fully informed of the nature and purpose of the action, the objection that there is no seal to the summons is not of the substance. If the officer has acted without it, the absence of a seal is only an irregularity, which may be cured now by having the seal affixed, and the same may be said as to the form of the summons. It is sufficient to notify the parties, and is a substantial compliance with the statute, accompanied as it is by a sworn statement of the nature of the action. The power of amendment to the extent indicated has been upheld by express decision. *Henderson v. Graham,* 84 N. C., 496; *Clark v. Hellen,* 23 N. C., 421.

We hold that the court had acquired jurisdiction and there was error in dismissing the action.

Error.