LAM LAWRENCE v. JOHN HARDY et al.

(Filed 13 October, 1909.)

1. Partition—Summons—Publication—Proceedings in Rem—Sale—Title—Purchaser for Value.

When the service of summons, as provided by Revisal, sec. 2490, has been made by publication on parties unknown, etc., in proceedings in partition for the sale of lands for division by the heirs at law, the proceedings being regular upon their face, and the court having jurisdiction of the subject matter, a purchaser for full value without notice acquires title, free from claim or demand of such heir upon whom summons has been thus served.

2. Summons—Publication—" Due Process "—Proceedings in Rem—Constitutional Law.

Our courts have general power, in following the provisions of Revisal, sec. 2490, relating to the service of process by publication to acquire jurisdiction and make decrees affecting the condition and ownership of real property situate within the State, *i. e.,* in proceedings *quasi in rem;* and this section is not subversive of the "due process" clause of the Constitution.

3. Partition—Summons—Publication—Funds—Investment—Title—Purchaser.

A purchaser for full value, without notice, of lands at a sale for partition thereof by the heirs at law, acquires a title which is not affected by the failure of the court to retain and invest funds sufficient to protect the rights of such unknown persons, served with summons by publication, who may afterwards appear and establish an interest in the lands, Revisal, sec. 2516, as the proceeds necessarily arise after the sale, and the purchaser has no interest in or control over them or the orders or decrees concerning them.

4. Partition — Summons — Publication — Representation — Discretionary Powers—Appeal and Error.

It is discretionary, by the express terms of the statute, with the trial judge as to whether he will appoint some disinterested person to represent the interests of unknown persons, etc., served with summons by publication, in proceedings to sell land for partition, Revisal, sec. 2490, and this discretion is not reviewable.

5. Summons — Publication — Persons Unknown — Defense After Judgment—Title—Purchaser.

Revisal, sec, 449, allowing persons served with summons by publication to defend after judgment, etc., by its express terms does not affect the title to land acquired by a *bona fide* purchaser of land at a sale therein decreed.

APPEAL from *O. H. Allen, J.,* March Term, 1909, of EDGE-COMBE.

On the hearing it appeared that in February, 1907, Lam Lawrence, an heir at law of James Lawrence, deceased, filed a petition against numerous other persons, cousins in different degrees, heirs at law of said James Lawrence, for sale of the lands of said James Lawrence situate in said county, and that all the heirs at law of James Lawrence who were known were made parties defendant by service and acceptance of process. In connection with the petition it was made to appear that, as plaintiff was informed and believed, there were other unknown heirs at law of James Lawrence interested in the subject of the action who should be made parties, and that neither the names nor residences of such interested parties could, after diligence, be ascertained. On order, properly entered, publication was duly made for five successive weeks in the *Tarboro Southerner,* stating the style and purpose of the action, etc., notifying "all the unknown heirs of James Lawrence, deceased, whatever may be their names and whatever may be their residence," to appear, etc. After the time of such publication had expired, decree was entered, sale had, and report made. The bid having been raised on 4 May, 1907, a resale was ordered, and this having taken place and report duly made, the sale was confirmed, deed made to the purchaser, and, no unknown parties having appeared, nor their existence or placing disclosed, in July, 1907, distribution was ordered among the parties in interest who had appeared, and according to an amended petition filed, claiming for these parties the entire fund. The costs having been paid and the fund distributed, Elsie Lawrence, resident of Haywood County, Tenn., claiming to be an heir at law and third cousin of James Lawrence, deceased, and that she had never known of the proceedings nor been served with process therein, applied to the court, on motion and later by formal petition, to have her portion of the property allotted to her, and to enforce her claim thereto on the land, etc. She was allowed to proceed in the cause *in forma pauperis,* and all the parties, including the purchaser, having been duly notified, the matter was heard, and the clerk found the facts directly relevant to the application of Elsie Lawrence and entered judgment as follows:

"This cause coming on for hearing before the clerk, and being heard upon the pleadings, as amended, and proof, the following conclusions of fact are found from records in case and proof:

"1. That Elsie Lawrence, at the time the original proceeding was instituted, was a nonresident of the State of North Carolina and had no actual notice of said proceeding until 7 September, 1907.

"2. That at the time the original proceeding was instituted the said Elsie Lawrence was interested in the premises; that at that time her name was unknown to and could not, after due diligence, have been ascertained by the original petitioners.

"3. The facts recited in the second finding of fact were made to appear to the court by affidavit, and that thereupon the court duly ordered notice to be given to all such persons, whose names were then unknown, by publication in the newspaper published in the town of Tarboro, North Carolina.

"4. That the notice, a copy of which is attached to the answer, marked 'A,' was duly published in the *Tarboro Soulherner,* a weekly newspaper published in the town of Tarboro, once a week for five successive weeks immediately preceding the sale of the property for partition.

"5. That Elsie Lawrence was, at the time said original petition was filed, the owner of an undivided one-sixteenth interest in the property.

"6. That the property was duly sold at public auction; that said sale was a fair sale, for full value, and that at said sale T. M. Staton was the purchaser, and that he was a purchaser in good faith and for the full value of the property.

"7. That the court, in its discretion, did not deem it necessary to appoint any person to represent the unknown owners who had been served with notice of said original proceeding by publication.

"8. That Elsie Lawrence has not received any part of the purchase money, but that the whole thereof was paid to the known owners of the property sold in said proceeding, the names of the unknown owners not being known and their interest in said property at that time being also unknown to the court.

"9. That the petitioner, Elsie Lawrence, is satisfied with said sale, and seeks simply to recover her proportion of the purchase money.

"From the foregoing conclusions of fact the court finds the following conclusions of law:

"1. That the petitioner, Elsie Lawrence, was duly and regularly served with notice of the original proceeding by publication.

"2. That the title to said property has passed to T. M. Staton under the orders and decrees in said original proceeding; that said T. M. Staton was a purchaser in good faith, and that said sale cannot be set aside so as to affect the title of the said T. M. Staton.

"3. That it was not necessary for the court to appoint any person to represent the unknown owners in said original pro-

ceeding, unless the court, in its discretion, deemed such appointment necessary; and that as the court did not in its discretion deem such appointment necessary, the validity of said proceeding is not affected by the failure to make such appointment.

"4. That the petition of Elsie Lawrence sets up no defense to the decree for a sale for petition, made in the original proceeding, and no defense to the confirmation of said sale.

"5. That the petitioner, Elsie Lawrence, is entitled to receive from John Hardy, Jr., and Mary Eliza Harrell and James Hardy $29.20 each, being her share of the purchase money, less the expenses of sale.

"6. That the order for a sale for partition and the order confirming said sale should not be set aside upon the petition of the said Elsie Lawrence.        A. T. WALSTON, *C. S. C.*

"11 November, 1908, as of 23 July, 1908.

"The petitioner excepts to the above judgment and appeals to the Superior Court.    Notice waived.
                                        A. T. WALSTON, *C. S. C.*"

The facts and the decree of sale further show that the publication was prior to said "decree." This judgment, as stated, was affirmed on appeal by his Honor, *Judge O. H. Allen,* and the petitioner, Elsie Lawrence, excepted and appealed to this Court.

*H. H. Phillips* for appellant (petitioner).
*Gilliam & Clark* for appellee.

HOKE, J., after stating the case: It may be well to note that the petitioner, Elsie Lawrence, has recovered judgment against the other heirs at law of James Lawrence, deceased, for the ratable portion of her interest paid to each of the other heirs, and her appeal is from the refusal to make this recovery efficient by declaring same a lien on the property and ordering a resale of same, should this be necessary to accomplish the desired purpose. This being true, and the formal requirements of the law as to publication of notice for unknown parties having been properly complied with, we are of opinion that the petitioner has been regularly made a party to the proceedings, and that, so far as the purchaser is concerned, her claim to any interest in the property itself is barred by the decree in the cause and the sale and deed had and made pursuant to same.

Our statute on the subject (Revisal 1905, sec. 2490) clearly contemplates and provides that in proceedings for partition by sale, or otherwise, publication may be made "for persons interested in the premises whose names are unknown to and cannot,

after due diligence, be ascertained by the petitioner." And, while the hardship of some particular case has not infrequently provoked judges of ability and repute to strong expressions of condemnation, the decisions as to such legislation, and in proceedings of this character, *i. e., in rem* or *quasi in rem,* have generally upheld it, and always when the necessity for it was made to appear, and the notice provided was such as to render it reasonably probable that the parties concerned would be apprised of the proceeding and afforded an opportunity to appear and protect their interest. *Shepherd v. Ware,* 46 Minn., 174; *Pile v. Bratney,* 15 Ill., 314; *Nash v. Church,* 10 Wis., 303; *Foster v. Paschal,* 8 Mass., 596; *Cook v. Allen,* 2 Mass., 462; *Foxcroft v. Barnes,* 29 Me., 128.

In *Shepherd v. Ware, supra,* it was held: "The Legislature may by statute authorize proceedings by action against unknown claimants, and bind them by constructive or substituted service or notice, in actions to determine adverse claims to real property. Such action is in the nature of a proceeding *in rem;* its object is an adjudication of the state of the title, and the judgment can go no further. The Legislature may by statute provide for constructive or substituted service of process, in actions to determine adverse claims to land, as against unknown claimants, or in cases of necessity or where personal service is impracticable, in actions where the controversy relates to property within the jurisdiction of the court, and with a reasonable exercise of legislative discretion in such matters the courts will not interfere. Such statutes must be strictly construed and followed to preserve the distinction between known and unknown claimants." And, delivering the opinion, the Court further said: "It is a case, then, where constructive or substituted service of notice upon adverse claimants may be made. Under the Constitution, legal proceedings in the courts are under the direction of the Legislature, subject, of course, to the fundamental provisions of the bill of rights. But the guaranty of 'due process of law' does not necessarily require personal service of notice upon parties resident or nonresident. The Legislature may in its discretion provide for substituted service in case of necessity or where personal notice is for any reason impracticable, in an action where the controversy relates to property which is within the jurisdiction of the court; and with a reasonable exercise of such legislative discretion the courts will not assume to interfere."

The writer does not recall a case in this jurisdiction where the validity of a decree has been questioned by reason of constructive service of process "on persons unknown." But the general power of our courts, following the provisions of the statute, to acquire

jurisdiction and make decrees affecting the status and condition and ownership of real property situate within the State has been frequently recognized and declared (*Vick v. Flournoy,* 147 N. C., 209; *Bernhardt v. Brown,* 118 N. C., 701); and, under the statute applicable, we are of opinion, as stated, that jurisdiction has been properly acquired over the petitioner, so far as her interest in the land is concerned, and she is conclusively bound by the decree and the deed conveying the title to the purchaser.

A court dealing with the matter should always be properly careful of the rights and interests of the parties who are only so by reason of constructive service. If such rights are questioned or assailed, the statute provides that some disinterested person may be appointed to represent them and look after their interests, and this should in most instances be done. If these interests are known to exist, or there is good reason to believe that they do, a sufficient amount of the fund should be retained to satisfy such claims and be invested or settled so that it may be forthcoming when called for. This the statute expressly requires (Revisal, sec. 2516), and, if there is promise of success, further effort can and should be made to ascertain and notify the rightful owner; but the policy of the law is, and has always been, that our lands shall pass into the possession of home owners, and with assured and unencumbered title, and this wise and beneficial purpose should not be prevented or seriously hindered because in rare and exceptional instances a wrong may be possible.

In the case before us the deceased seems to have had no lineal descendants or near kinsmen, and his lands descended to numerous relatives, distant in degree, whose names and placing are not all known. So far as appears, if this claim is allowed, there is no assurance that the end is reached; and the facts present a case where a general notice by publication is the only feasible method by which the property can be sold for anything like its value and a true title assured. In his carefully prepared and learned argument the counsel for the petitioner further insisted that no one was appointed by the court to represent these unknown parties and no part of the fund has been retained or invested, as required by the law, and that, owing to these defects, the proceedings are void, at least to the extent necessary to secure the petitioner her interest in the property; but we do not think this position can be maintained. The statute (section 2490) expressly refers this matter of appointing some disinterested person to look after the absent owner's interest to the discretion of the court; and, conceding that we have the power to review the discretion of the lower court in this respect, we are

not prepared to say that it should be done in this instance, and certainly not to the prejudice of an innocent purchaser. Our law is properly solicitous of the rights of such a purchaser; and, while they are affected by the existence of certain defects apparent in the record, numerous and well-considered decisions with us sustain the position that only those defects which are jurisdictional in their nature are available as against his title. *Yarborough v. Moore,* at this term; *Harrison v. Hargrove,* 120 N. C., 97; *Herbin v. Wagoner,* 118 N. C., 657; *England v. Garner,* 90 N. C., 197; *Sutton v. Schonwald,* 86 N. C., 198. Nor is the second defect one which should be allowed in any way to affect the purchaser, that no part of the fund has been retained and invested for the rightful owner as the statute directs. This refers to the action of the court concerning the proceeds and to arise necessarily after the sale. It does not in any way relate or profess to relate to the jurisdiction of the court over the cause or the parties, and is a matter that the purchaser could in no way influence or control.

Under section 449, Revisal, a defendant, known or unknown, when there has been constructive service of process, is allowed, upon good cause shown, to defend after judgment rendered at any time within one year after notice and within five years from its rendition, and on such terms as may be just; and if the defense be successful and the judgment, or any part thereof, shall have been collected or otherwise enforced, such restitution may thereupon be compelled as the court may direct. The section, however, contains this additional provision: "But title to property sold under this judgment to a purchaser in good faith shall not be thereby affected." Under the liberal provisions of the former portion of this section, the petitioner has been allowed to appear and to recover judgment against each of the heirs the amount of her interest which has been paid them; and, under the last clause of the section, the title to the purchaser has been properly assured and confirmed.

There is no error in the judgment entered, and the same is

Affirmed.