### JOHN BYNUM ET AL. V. BENJAMIN BYNUM.

(Filed 20 December, 1919.)

**1. Parties—Proceedings—Quasi in Rem—Courts—Jurisdiction—Nonresidents—Unknown Parties.**

Courts having jurisdiction in proceedings *quasi in rem,* by observing the statutory methods, have the power to make valid decrees affecting the status, condition, and ownership of real property, situated within the State, and, in proper instances, the same may be made effective both against nonresidents and persons unknown.

**2. Same—Partition—Tenants in Common—Summons—Publication—Sales —Purchaser—Title—Deeds and Conveyances—Judgments.**

Where, in special proceedings for the partition of lands among the deceased owners, it is properly made to appear that one of them has been missing for twenty years or more and cannot be found, nor can it be ascertained whether or not he had children or lineal descendants; that summons has been issued for him, returned not to be found, and then notice by publication had been duly published for him or his descendants, without avail, Rev., 2490, and the interests of each of the parties has been duly ascertained and established; it is *Held,* under a motion to collect the purchase money under Rev., 1524, bid by a purchaser at sale for division, that such purchaser may not successfully resist payment on the ground of a defect in title for that the commissioner's deed would not preclude the claims of the missing heir or his heirs; but that the decree should provide for the reinvestment or security of the share of the missing party or his real representatives, Rev., 2546, which, however, in no wise affects the title to be conveyed.

SPECIAL PROCEEDINGS for partition and sale, heard on appeal from clerk, before *McElroy, J.,* at November Term, 1919, of FORSYTH.

The question presented arose on a motion to collect the purchase money, under Rev., 1524, from P. Huber Hanes, who had bid off a portion of the property at a judicial sale of same, held under a decree in the cause, and the facts relevant to the inquiry and agreed upon by the parties are as follows:

"This was a special proceeding for partition, begun before the clerk of the Superior Court of Forsyth County, by summons issued as above, on 9 October, 1918, returnable before said clerk on 21 October, 1918."

Said summons was, on 9 October, 1918, returned by the sheriff of Forsyth County, indorsed as follows: "Not served. The defendants not to be found in Forsyth County."

On 9 January, 1919, the petition was filed in said cause, setting forth that the plaintiffs, together with the defendant, were all the heirs at law of H. W. Bynum.

This petition, among other things, asserted that Benjamin Bynum had not been heard from for twenty or thirty years, and was dead. Said petition then proceeded to allege the interest of the plaintiffs in the land, and prayed that Benjamin Bynum be adjudicated dead without heirs, and that a decree be made directing the lands therein described to be sold.

Thereupon the clerk took certain testimony touching the question of the whereabouts and existence of Benjamin Bynum, and on 24 January, 1919, found that Benjamin Bynum had not been heard from for more than twenty years, and that he was dead, intestate without issue, and also found the interest in said lands to be altogether in the plaintiffs, and ordered and directed the appointment of a commissioner and sale of said land. Said sale was had, at which sale the respondent, P. Huber Hanes, was the purchaser, at $14,000. Said sale was confirmed on 7 May, 1919.

At or about this stage of the proceedings the purchaser was advised that the title which the commissioners offered him was defective for the reason that there was no service of process upon Benjamin Bynum in life, and that the court was without authority to adjudicate him dead without issue, and said purchaser declined to take the title, unless and until this alleged deficiency and defects were remedied.

On 23 May, 1919, by an affidavit filed in the cause, service of process by publication was asked to be had on Benjamin Bynum, if living, and if dead, upon his heirs, if any, whose names and whereabouts were said to be unknown. On 10 June the clerk of the Superior Court signed an order of publication requiring his heirs, whose names were unknown, to likewise appear before said clerk on 10 July, 1919.

Publication of process was had, as will appear in the transcript of the record.

On 17 September, 1919, upon an affidavit filed, a motion was made and notice was served on P. Huber Hanes to show cause why he should not pay to the commissioner the purchase price and take a deed therefor.

To this notice, on 17 October, 1919, the said P. Huber Hanes filed an answer, wherein he stated, upon information and belief, that the title offered by the commissioner was not a good and valid title, because the record as made does not pass the interest of the said Benjamin Bynum, if living, and, if dead, of any children that he may have left, and averring that the court did not have the authority and jurisdiction to adjudicate the death of Benjamin Bynum, and averring that the said court was without authority and jurisdiction to bring in the heirs at law of said Benjamin Bynum, by publication of summons.

The court, affirming the action of the clerk, entered judgment that the commissioner could make a good title, and the purchaser comply with his bid.

From such judgment the purchaser, having duly excepted, appealed.

*Lindsay Patterson for plaintiff.*
*Manly, Hendren & Womble for appellant.*

HOKE, J., after stating the case: The power of a court having jurisdiction, by proceedings, *quasi in rem,* and observing the statutory methods as to service of process, to make valid decrees affecting the status, condition, and ownership of real property, situate within the State, is fully recognized with us, and, in proper instances, the same may be made effective both against nonresidents and persons unknown. *Lawrence v. Hardy,* 151 N. C., 123; *Vick v. Flourney,* 147 N. C., 209; *Bernhardt v. Brown,* 118 N. C., 701.

In *Vick v. Flournoy* the general principle is stated as follows: "The courts of this State have jurisdiction of the persons of nonresident defendants to the extent required in proceedings *in rem* or *quasi in rem,* when personal service is made by complying with the requirements of Rev., 448, and the property is situated here." And, in *Lawrence v. Hardy,* as applied to a sale under partition proceedings, it was held that: "Our courts have general power, in following provisions of Rev., 2490, relating to the service of process by publication, to acquire jurisdiction and make decrees affecting the condition and ownership of real property situate within the State, *i. e.,* in proceedings *quasi in rem;* and this section is not subversive of the 'due process' clause of the Constitution."

And, under our liberal procedure applicable, the essential and proper

parties to a valid disposition of the cause may be brought in pending the litigation, or even after judgment, and where the interest of such parties is presented by amendment or sufficiently appears from the pleadings already filed, the proceedings will bind to the extent of the jurisdictional authority of the court having the matter before it. Rev., 507, 449, 414, etc. In our general statutes ample provision is made for service of process on nonresidents. Rev., 442-448, *et seq.,* and under ch. 59 of Revisal, for partition and sale of real property. In section 2490 it is expressly enacted that persons unknown may be made parties by publication when they are interested in the property and their names are unknown, and cannot, after due diligence, be ascertained, etc. From a perusal of petition and facts in evidence, it appears that, under this statute, proper publication has been made for nonresidents and parties unknown; their interest is fully disclosed in the pleadings, and, under the principles heretofore stated, there is no reason why the deed of the commissioner, who has sold the property under a decree in the cause, is not in a position to convey a good title. From an examination of the statute under which the proceedings was had, Rev., ch. 59, it would seem that, while the court is authorized to direct sale and conveyance of the title to the purchaser, it is without power to enter a decree destroying or invalidating the claim or interest of Benjamin Bynum or his unknown heirs. Section 2516 of the act expressly provides that the court shall, by its decree, provide that the share of any party to the proceedings, when an infant, married woman, etc., nonresident, or whose names are unknown, shall be invested or secured for such party or his real representative, etc. This, as stated, in no wise interferes with power to free the title and make a valid conveyance of the same.

The court having jurisdiction of the parties and the subject-matter, to that extent and for that purpose, the proper care and distribution of the proceeds is not of concern to the purchaser. *Dawson v. Wood,* 177 N. C., 158; *Pendleton v. Williams,* 175 N. C., 248.

In the final decree, however, the court, acting under the statute, shall make such provision for the disposition of this interest as the right and justice of the case may require. Speaking to this matter, in *Lawrence v. Hardy, supra,* a case that is to a great extent decisive of the questions presented in this appeal, the Court said: "A court dealing with the matter should always be properly careful of the rights and interests of the parties who are only so by reason of constructive service. If such rights are questioned or assailed, the statute provides that some disinterested person may be appointed to represent them and look after their interests, and this should, in most instances, be done. If these interests are known to exist, or there is good reason to believe that they do, a sufficient amount of the fund should be retained to satisfy such claims

2—179

and be invested or settled so that it may be forthcoming when called for. This the statute expressly requires (Rev., 2516), and if there is promise of success, further effort can and should be made to ascertain and notify the rightful owners; but the policy of the law is, and has always been, that our land shall pass into the possession of home owners, and with assured and unencumbered title, and this wise and beneficial purpose should not be prevented nor seriously hindered because in rare and exceptional instances a wrong may be possible."

There is no error in the record, and the judgment directing payment of the purchase money is

Affirmed.