JOHN K. VOEHRINGER, JR., v. LOUIS H. POLLOCK AND ADA S. POLLOCK.

(Filed 2 June, 1944.)

1. **Attachment § 7—**

Where service is by attachment of property and publication, no summons is required. In such cases it is a useless formality to issue a summons and have the sheriff make the return not to be found.

2. **Attachment §§ 7, 13, 14—**

The sheriff may make a valid levy under a warrant of attachment on real property without going on the property. The levy is made effective by the endorsement thereof on the execution or warrant of attachment. The jurisdiction of the court dates from the levy, but the lien becomes effective when certified to the clerk and indexed. G. S., 1-449.

3. **Attachment § 7—**

While the order of publication of service may be obtained at the time the warrant of attachment is issued, a delay from 18 February to 3 March following does not oust the jurisdiction of the court.

4. **Attachment § 3—**

Where defendants in attachment, who have a voting residence in this State, have resided in a distant state for some time, are conducting there large business interests and will continue in such distant state for an indefinite time, apparently in order to avoid service of process here, they are nonresidents within the meaning of the attachment statutes.

5. **Specific Performance §§ 1, 4: Attachment § 2—**

An action for specific performance, under our statute authorizing service by publication, is in the nature of an action *in rem*, and a contract for the conveyance of real property may be enforced against a nonresident. G. S., 1-98.

APPEAL by defendants from *Sink, J.,* in Chambers, 10 March, 1944. From GUILFORD.

Civil action instituted by plaintiff in the Superior Court of Guilford County, 18 February, 1944, for specific performance of a contract to convey real estate situate in Guilford County, North Carolina.

Summons and warrant of attachment, directed to the sheriff of Guilford County, were delivered to him, accompanied by an affidavit to the

effect that defendants were nonresidents of the State of North Carolina and were then residing in the State of Florida. Whereupon, the sheriff or his deputy endorsed on the summons "Defendants not to be found in Guilford County," and levied on the real estate described in the complaint by entering the levy upon the warrant of attachment. On the same day, to wit, 18 February, 1944, N. D. McNairy was appointed temporary receiver of the property levied upon under the warrant of attachment. Thereafter, on 3 March, 1944, upon the affidavit of plaintiff, order of service of the summons on the defendants by publication, was obtained.

On 3 March, 1944, defendants, through their attorneys, entered a special appearance and made a motion to dismiss on the ground that the proceedings were void and irregular, and that the attempted service of summons upon them was defective, null and void, and that the warrant of attachment had not been properly levied.

On 10 March, 1944, his Honor entered the following order:

"This cause coming on to be heard and being heard before the Honorable H. Hoyle Sink, Resident Judge of the Twelfth Judicial District, on the special appearance and the motion of the defendants, Louis H. Pollock and Ada S. Pollock, to dismiss this proceeding and to vacate the attachment for the reasons set forth in the said motion, and the court, having heard the affidavits of the parties and the argument of counsel, finds the following facts:

"That the defendants, Louis H. Pollock and Ada S. Pollock, have a voting residence in the County of Buncombe, State of North Carolina, but the said defendants have resided in the State of Florida for a period of time and that they were not residing or living in the State of North Carolina at the time this proceeding was instituted.

"The Court further finds as a fact that the defendants are operating large apartments and hotel rooms at Palm Beach, in the State of Florida, and that they are at the present time residing in the State of Florida for the purpose of operating the said apartments and that their residence in the State of Florida will continue for an indefinite period of time.

"The Court further finds as a fact that the defendant, Louis H. Pollock, has refused to accept registered mail sent to him by the plaintiff and that the said defendant is remaining out of the State of North Carolina in order to avoid service of process.

"The Court further finds that all proceedings in connection with the institution of this case were regular and in compliance with the laws of the State of North Carolina.

"It Is, Therefore, Ordered, Adjudged and Decreed that the motion of the defendants to dismiss this proceeding and to vacate the attachment be, and it is hereby denied.

"IT IS FURTHER ORDERED that N. D. McNairy continue to act as temporary receiver of the property described in the complaint, which is known as 102 South Elm Street, until the further orders of this Court."

To the signing of the foregoing order, defendants excepted and appealed to the Supreme Court.

*Herbert S. Falk for plaintiffs.*
*Stern & Stern for defendants.*

DENNY, J. The appellants contend there was irregularity in the issuance and return of the summons in this action, as well as a defective levy of the warrant of attachment.

Under the decisions of this Court, where service is by attachment of property and publication, no summons is required. In such cases it is considered a useless formality to issue a summons and have the sheriff make the return that the defendant is not to be found. *Bethell v. Lee,* 200 N. C., 755, 158 S. E., 493; *Mohn v. Cressey,* 193 N. C., 568, 137 S. E., 718; *Jenette v. Hovey,* 182 N. C., 30, 108 S. E., 301; *Mills v. Hansel,* 168 N. C., 651, 85 S. E., 17; *Grocery Co. v. Bag Co.,* 142 N. C., 174, 55 S. E., 90; *Best v. Mortgage Co.,* 128 N. C., 351, 38 S. E., 923; McIntosh on Procedure, 926. Hence, in the instant case it was unnecessary to have a summons issued.

The regularity of the issuance of the warrant of attachment is not challenged, but the appellants contend that a sheriff cannot make a valid levy under a warrant of attachment on real property without going on the property. This contention cannot be sustained. When a warrant of attachment is directed to a sheriff, he is liable for the execution of the process in the same manner as prescribed by law for a levy under an execution. G. S., 1-449; C. S., 807. A levy on real property is made effective by the endorsement thereof on the execution or warrant of attachment. The jurisdiction of the court derived from a levy under a warrant of attachment dates from the levy, but the lien becomes effective as to third parties, when certified to the clerk of the Superior Court and indexed in the manner prescribed in the statute. G. S., 1-449; C. S., 807. *In re Phipps,* 202 N. C., 642, 163 S. E., 801; *Evans v. Alridge,* 133 N. C., 378, 45 S. E., 772; *Pemberton v. McRae,* 75 N. C., 497; *Bland v. Whitfield,* 46 N. C., 122; McIntosh on Procedure, 934 and 936.

The appellants further contend that since the warrant of attachment was issued 18 February, 1944, and a levy thereunder was attempted on the same day, the order of publication of service should have been obtained at the time the warrant of attachment was issued and not on 3 March, 1944. It would have been proper, under the facts set forth in this record, to have obtained the order of publication at the time of the

issuance of the warrant of attachment; however, the delay from 18 February, 1944, to 3 March, 1944, did not oust the jurisdiction of the court, which it obtained when the levy was made. *Jenette v. Hovey, supra; Mills v. Hansel, supra.*

The appellants insist they are residents of the city of Asheville, Buncombe County, North Carolina, and that their absence from the State is temporary, and that service by publication is null and void. In view of the facts set forth in the record, the decision of the court to the effect that the appellants are nonresidents within the meaning of the attachment statute, is in accord with the decisions of this Court. See *Brann v. Hanes,* 194 N. C., 571, 140 S. E., 292, and the cases cited therein.

It is further contended by the appellants that this is an action *in personam* and that constructive service by publication is ineffective for any purpose. We do not so hold. An action for specific performance under our statute authorizing service by publication is in the nature of an action *in rem*, and a contract for the conveyance of real property may be enforced against a nonresident. In such cases the court has the power to determine who is entitled to the property and to vest title by decree in the party entitled to the same. G. S., 1-98; C. S., 484; *Foster v. Allison Corp.,* 191 N. C., 167, 131 S. E., 648; *White v. White,* 179 N. C., 592, 103 S. E., 216; *Bynum v. Bynum,* 179 N. C., 14, 101 S. E., 527; *Johnson v. Whilden,* 166 N. C., 104, 81 S. E., 1057; *Lawrence v. Hardy,* 151 N. C., 123, 65 S. E., 766; *Vick v. Flournoy,* 147 N. C., 209, 60 S. E., 978; *Long v. Insurance Co.,* 114 N. C., 465, 19 S. E., 347; *Watters v. Southern Brighton Mills et al.,* 168 Ga., 15, 147 S. E., 87; *Boswell's Lessee v. Otis et al.,* 9 Howard, 336, 13 Law Ed., 165; *Pennoyer v. Neff,* 95 U. S., 714, 24 Law Ed., 565.·

The judgment of the court below is
Affirmed.