HELEN STEED PERKINS v. SIDNEY E. PERKINS, ALIAS DISNEY HARTE.

(Filed 10 May, 1950.)

**1. Process § 4—**

A summons issued after an amendment constituting a new cause of action is ineffectual as an *alias* summons, and endorsement of the word "*alias*" thereon does not make it in law an *alias* summons.

**2. Process § 6—**

Where the summons issued with the filing of the complaint is returned "defendant not to be found in the county," and thereafter purported *alias* summons is stricken as ineffectual, plaintiff is still entitled to attachment of defendant's property and the service of summons and notice of attachment by publication upon affidavit sufficient in form that defendant had left the State and was a nonresident, there being no discontinuance, and the attachment and service by publication in the prescribed manner obviating the necessity of issuance of summons.

**3. Judgments § 30—**

An order of the Superior Court may not be extended beyond the particular question raised and ruled upon.

**4. Divorce and Alimony § 12—**

A proper order for reasonable subsistence and counsel fees *pendente lite* may be enforced against a nonresident or absconding husband by attachment against his property without notice, and in such case the court may also appoint a receiver to collect the income from the husband's property. G.S. 50-16.

APPEAL by defendant from *Crisp, Special Judge,* February-March Civil Term, 1950, of MECKLENBURG.    Affirmed.

Suit for alimony without divorce under G.S. 50-16, and for allowance for subsistence and counsel fees *pendente lite.*

The facts briefly stated were these:

The plaintiff instituted her action 14 October, 1949, by issuance of summons and filing complaint, setting out a cause of action for alimony without divorce, alleging in detail cruel treatment, failure to support and final abandonment, and praying for an allowance for subsistence and counsel fees *pendente lite.*    The summons was returned by the sheriff "defendant not to be found in Mecklenburg County."    On 29 October, 1949, plaintiff filed an amendment to her complaint alleging that defendant had left the State to avoid service of process and was now a nonresident; that he owned a house and lot in Charlotte from which he was collecting rent, and that he was attempting to transfer the title to this property to a fictitious person.    Notice of *lis pendens* was also filed on this date.    Pursuant to an order for an *alias* summons, another summons was issued 29 October, 1949, on which was endorsed the word *"alias,"* and this was returned by the sheriff as having been executed by leaving copies of summons and other papers at the last known address of defendant in Charlotte.

On 29 October, 1949, on plaintiff's affidavit that defendant had abandoned her, was a nonresident and owned real property subject to attachment, warrant of attachment was issued, of which on 1 November, 1949, the sheriff made return showing levy on described house and lot.

On 3 November, 1949, plaintiff filed two affidavits restating the facts upon which her action was based, the nonresidence of defendant and issuance of warrant of attachment, and praying that summons and warrant of attachment be served by publication.

Based upon plaintiff's affidavits and verified complaint, and the court's findings thereon, Judge Crisp on 3 November, 1949, entered an order that defendant pay for plaintiff's subsistence $150 per month pending the action, and that a receiver be appointed to rent the house and lot and pay the proceeds into court for the purposes set out in the order.

On 8 November, 1949, upon the plaintiff's affidavits, the sheriff's return, the order of court, and plaintiff's motion for service by publication, the clerk entered an order that notice of summons and attachment be published once a week for four successive weeks in the *Mecklenburg Times.* Publication was duly made as ordered for four weeks, 10, 17, 24 November, 1 December.

On 18 November, 1949, defendant through counsel entered special appearance and moved to dismiss plaintiff's action based on the purported *alias* summons of 29 October, on the ground that this was not an *alias,* but an original or new action, and that the purported *alias* summons did not show any relation to the original process. And on 9 December, 1949, Judge Patton, presiding, being of opinion that the issuance of summons 29 October had the force and effect of instituting a new action, ordered that "the cause of action based on summons issued October 29, 1949, be and the same is hereby dismissed."

On 29 December, 1949, defendant again through counsel entered special appearance and moved to dismiss the entire proceedings, including the order of Judge Crisp 3 November, 1949, and the order of the clerk directing service by publication, on the ground that the effect of the order of Judge Patton was to dismiss all proceedings ancillary and subsequent to 29 October, and that the action based on the summons of 14 October should be dismissed as no valid *alias* had been issued and the court was without jurisdiction to appoint a receiver.

Plaintiff answered defendant's motion to dismiss, admitting the ineffectiveness of the purported *alias* summons but alleging that all the proceedings which defendant seeks to have dismissed relate to the action instituted 14 October, 1949; that these proceedings were regular, based on summons and complaint filed, sheriff's return, affidavits and amendment to complaint, order of Judge Crisp, attachment, and publication of summons and attachment, beginning 10 November and ending 1 December.

When the defendant's motion came on for hearing, the court, Judge Crisp again presiding, was of opinion that the proceedings in attachment, referred to in the motion and answer, related to the action instituted

14 October, 1949, and ordered that defendant's motion to dismiss be denied, defendant to have 30 days from date of order to plead.

Defendant excepted and appealed.

*Henry L. Strickland for plaintiff, appellee.*
*Elbert E. Foster for defendant, appellant.*

DEVIN, J.   On 14 October, 1949, plaintiff instituted action for alimony without divorce, and for an allowance for subsistence and counsel fees *pendente lite,* under G.S. 50-16.   The summons was returned by the sheriff with the notation "defendant not to be found in Mecklenburg County."   On 29 October, following, the plaintiff had another summons issued labeled *"alias* summons," but subsequently this was dismissed by order of court as ineffective.   However, by amendment to her complaint and affidavits setting forth that the defendant had abandoned her and left the State, and that he owned real property in the State, warrant of attachment was issued and service of summons and notice of attachment by publication was ordered.   Upon the showing before him Judge Crisp, presiding, entered order 3 November, 1949, requiring defendant to make certain payments to plaintiff for subsistence and counsel fees.   The notice of summons and attachment were duly published, publication being completed 1 December, 1949.

The defendant appearing specially on 29 December, 1949, moved to dismiss all proceedings subsequent to 29 October, 1949, including order of the court of 3 November, and the service by publication, on the ground that these were based upon an invalid attempt to continue the original action by a so-called *alias* summons, and were embraced in Judge Patton's order of dismissal.   This motion was denied by Judge Crisp who was again presiding in the court, and the defendant's exception thereto presents the question for review.

We think the defendant's motion was properly overruled.   While Judge Patton correctly held that the mere endorsement of the word *"alias"* on the summons issued 29 October did not make it in law an *alias* summons (*Mintz v. Frink,* 217 N.C. 101, 6 S.E. 2d 804; *Ryan v. Batdorf,* 225 N.C. 228, 34 S.E. 2d 81), and accordingly dismissed the cause of action based on that summons, this did not necessarily sever the connection between the subsequent proceedings and the summons of 14 October, or render the proceedings void.   Upon affidavits sufficient in form that defendant had left the State and was a nonresident warrant of attachment was levied on defendant's real property, and the summons and notice of attachment were duly served by publication under order of Court. *Scott & Co. v. Jones,* 230 N.C. 74, 52 S.E. 2d 219; G.S. 1-98; G.S. 1-444. No discontinuance is apparent.   It seems well settled that where service

is had by attachment of property based upon affidavits sufficient in law and followed by publication in prescribed manner, the necessity of issuance of summons is obviated. *Grocery Co. v. Bag Co.,* 142 N.C. 174, 55 S.E. 90; *White v. White,* 179 N.C. 592, 103 S.E. 216; *Jenette v. Hovey,* 182 N.C. 30, 108 S.E. 301; *Voehringer v. Pollock,* 224 N.C. 409, 30 S.E. 2d 374. Cases cited by defendant, *Green v. Chrisman,* 223 N.C. 724, 28 S.E. 2d 215; *McGuire v. Lumber Co.,* 190 N.C. 806, 131 S.E. 274, and *Hatch v. R. R.,* 183 N.C. 617, 112 S.E. 529, are not in point.

The effect of the order of Judge Patton may not be extended beyond the particular question ruled upon by him, and is not determinative of the question here presented.

By adequate statutes and the decisions of this Court it has been established in this jurisdiction that in an action for alimony without divorce, upon issuance of summons and the filing of a verified complaint setting forth facts sufficient to entitle the complainant to the relief sought, the Judge of the Superior Court has power to require the payment by the husband of a reasonable amount for the wife's subsistence and counsel fees *pendente lite,* and the court may enforce its order by attachment against the property of a nonresident or absconding husband without notice (G.S. 50-16), and in such case may also appoint a receiver to collect the income from the husband's property. *Bailey v. Bailey,* 127 N.C. 474, 37 S.E. 502; *White v. White,* 179 N.C. 592, 103 S.E. 216; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436; *Peele v. Peele,* 216 N.C. 298, 4 S.E. 2d 616; *Wright v. Wright,* 216 N.C. 693, 6 S.E. 2d 555; *McFetters v. McFetters,* 219 N.C. 731, 14 S.E. 2d 833.

Judgment affirmed.