### T. D. HARRIS v. CHARLES M. UPHAM.

(Filed 19 September, 1956.)

1. **Process § 6: Judgments § 18: Attachment § 3—Nonresident may be served by publication in action to enforce contract to convey land situate here.**

   Action for specific performance of a contract to convey a described tract of land was instituted against a nonresident in the county in which the land is situate. Process was served by publication under G.S. 1-98(3) and personally by a United States Marshal under G.S. 1-104. *Held:* Levy on the land under a writ of attachment was not required, since the bringing of the action in the jurisdiction where the land lies is sufficient to enable the court to exercise dominion over it, and the court acquired jurisdiction over the *res* sufficient to support a judgment *in rem* decreeing specific performance of the contract.

2. **Appeal and Error § 3—**

   A defendant may appeal from a denial of his motion to dismiss on the ground that the court had no jurisdiction over the person or property of the defendant. G.S. 1-134.1.

JOHNSON, J., not sitting.

APPEAL by defendant from *Frizzelle, J.*, April, 1956 Term, CAMDEN Superior Court.

Civil action instituted on 5 December, 1955, in which the plaintiff seeks the following: (1) Specific performance of a contract to convey a described tract of land; and (2) an accounting for a division of profits from the sale of other lands.

At the time of suit the plaintiff resided in South Carolina, the defendant in the District of Columbia. The lands involved in both causes of action are located in Camden County, North Carolina. The plaintiff filed notice of *lis pendens*, G.S. 1-116, and obtained an extension of time, later approved by the Superior Court Judge, to file complaint. He served, or attempted to serve process on the defendant outside the State as prescribed by G.S. 1-104, by having a United States Marshal for the District of Columbia deliver the necessary papers to the defendant in Washington, D. C. Likewise, he served, or attempted to serve process by publication of notice thereof as provided by G.S. 1-98(3).

On 29 February, 1956, the defendant filed a motion to dismiss under G.S. 1-134.1 for that "the court has no jurisdiction over the person or property of the defendant." He prayed that the purported service be quashed and stricken. The plaintiff entered a voluntary nonsuit as to his cause of action for division of profits. Whereupon, the court denied the motion to dismiss and from the order accordingly, the defendant appealed.

*M. B. Simpson for plaintiff, appellee.*
*John H. Hall for defendant, appellant.*

HIGGINS, J.  The question presented is whether the Superior Court acquired jurisdiction over the 50-acre tract of land and over the defendant—a nonresident—to the extent necessary to bind his interest therein by the method of service here employed.  It must be conceded that no judgment *in personam* can be rendered on such service.  The defendant contends the court could acquire jurisdiction over the land only by a levy thereon under a writ of attachment.  Attachment would be necessary if the suit involved matters aside from the land itself.  But where the controversy involves the title to or interest in land, the bringing of the action in the jurisdiction where the land lies is sufficient to enable the court to exercise dominion over it.  "In such cases the court has the power to determine who is entitled to the property and to vest title by decree."  *Voehringer v. Pollock,* 224 N.C. 409, 30 S.E. 2d 374; *Foster v. Allison,* 191 N.C. 166, 131 S.E. 648; *White v. White,* 179 N.C. 592, 103 S.E. 216; *Lawrence v. Hardy,* 151 N.C. 123, 65 S.E. 766; *Vick v. Flournoy,* 147 N.C. 209, 60 S.E. 978; *Herbeitter v. Oil Co.,* 112 U.S. 294.

A decree of specific performance of a contract to convey land goes no further than to operate on the land and on the parties to the extent necessary to carry out that contract.  The decree is effective to vest and to divest title.  When the land is in the jurisdiction of the court, constructive service on adverse claimants is sufficient.  "Such service may also be sufficient in cases where the object of the action is to reach and to dispose of property in the State, or of some interest therein, by enforcing a contract or lien respecting same."  *Pennoyer v. Neff,* 95 U.S. 714; *Bernhardt v. Brown,* 118 N.C. 700, 24 S.E. 527, 715; *Long v. Ins. Co.,* 114 N.C. 465, 19 S.E. 347.  The plaintiff served process both by publication and by an officer outside the State.  That both methods of service were followed cannot detract from the efficacy of either.

The Superior Court entered an order denying the defendant's motion to quash the service and to dismiss the action, and allowed 30 days in which to answer.  The defendant excepted and appealed as he had a right to do under G.S. 1-134.1.  For the reasons assigned, the order of the Superior Court of Camden County is

Affirmed.

JOHNSON, J., not sitting.