TOWN OF CARY, PLAINTIFF v. MYRTLE O. STALLINGS, DEFENDANT v. VIC REALTY

No. 8910DC404

(Filed 6 March 1990)

1. **Municipal Corporations § 28 (NCI3d)— special assessment foreclosure sale—judgment subsequently set aside—effect on title to property purchased in good faith**
   The provisions of N.C.G.S. § 1-108 did not prohibit the trial court from setting aside an order of confirmation and a commissioner's deed in a special assessment foreclosure sale when the court determined that the municipality's foreclosure judgment was void because the property owner did not receive proper service of process.

   **Am Jur 2d, State and Local Taxation §§ 866, 897.**

2. **Municipal Corporations § 28 (NCI3d)— failure to pay curb and gutter assessment — judgment obtained without notice — effect on good faith purchaser**
   Where plaintiff municipality obtained a judgment against defendant for failure to pay a curb and gutter assessment without having given her proper notice, the trial court correct-

TOWN OF CARY v. STALLINGS

[97 N.C. App. 484 (1990)]

ly determined that the judgment was void and properly set it aside.

**Am Jur 2d, State and Local Taxation §§ 866, 897.**

Judge WELLS concurring.

APPEAL by third-party defendant Vic Realty from order entered 7 March 1988 by *Judge Fred Morelock* in WAKE County District Court. Heard in the Court of Appeals on 18 October 1989.

Third-party defendant appeals in this civil action from the trial court's order granting defendant's motion to set aside the Judgment, Order of Confirmation of Sale and the Commissioner's Deed.

*Dan Lynn for defendant-appellee.*

*Young, Moore, Henderson & Alvis, P.A., by David R. Shearon and Knox Proctor, for third-party defendant-appellant.*

JOHNSON, Judge.

Plaintiff, Town of Cary, made certain curb and gutter improvements in front of defendant Myrtle O. Stallings' property on 9 December 1976. In accordance with the statute, plaintiff assessed the cost of such improvements to defendant in the amount of $1,011.56. Defendant never paid the debt and plaintiff thereafter claimed a lien against the property.

In September 1984, plaintiff filed suit to foreclose on its assessment lien. No answer was filed on behalf of defendant. Partial payments were, however, subsequently made on the debt. A judgment for plaintiff was entered on 4 December 1985.

On 14 January 1986, a notice was issued to plaintiff's attorney for failure to submit a judgment. At such time, plaintiff had to either file its judgment or be subject to having the case dismissed. An order was entered dismissing the case without prejudice on 19 March 1986.

Upon showing good cause, an order setting aside the dismissal was entered on 15 April 1986. Plaintiff was also allowed to file its judgment on the same day. Thereafter, the Town of Cary was entitled to collect the indebtedness. A commissioner was appointed to sell the property described in the complaint and such proceeds

were to be used to pay the assessment, taxes, penalties, interests and costs.

Following the filing of a notice of sale, Vic Realty purchased defendant's property and was subsequently delivered a Commissioner's Deed to such property. A Motion of Confirmation of the sale was thereafter filed by plaintiff's attorney and an Order of Confirmation was signed by the Wake County Clerk of Superior Court.

Defendant filed a motion to set aside the Judgment, Order of Confirmation and Commissioner's Deed on 15 September 1987. The motion alleged that: (1) defendant had not been served with a copy of the summons and complaint; (2) defendant did not reside at the address in which all correspondences were sent; (3) plaintiff knew that defendant did not reside at the property when the summons and complaint was issued; (4) defendant had a meritorious defense in that some payments had been made on the debt; (5) an Order of Dismissal of the case had been filed on 19 March 1986; (6) the judgment entered by the court on 15 April 1986 was improper; (7) defendant had never received notice of a hearing, and (8) the judgment had not been docketed.

After a hearing, the court set aside the Judgment, Order of Confirmation and Commissioner's Deed and allowed plaintiff to file an answer.

In December 1988, the case came on to be heard once again. The court ordered that plaintiff be allowed to execute its tax lien upon defendant's property and a commissioner was appointed to sell the property. Prior to the entry of judgment, but after notice of appeal was given, defendant paid $507.28. This amount represented the balance of the unpaid debt. The second sale ordered by the court never took place. Vic Realty appealed in apt time.

[1] By its first Assignment of Error, Vic Realty contends that the trial court erred in (1) setting aside the Order of Confirmation of Sale; (2) declaring the Commissioner's Deed null and void, and (3) concluding that defendant owned the subject property. Vic Realty argues that it purchased defendant's property in good faith and received title to the property through a Commissioner's Deed and, as such, the trial court's decision to set aside plaintiff's judgment against defendant should not have affected the purchase. We disagree.

**TOWN OF CARY v. STALLINGS**

[97 N.C. App. 484 (1990)]

We note at the outset that this Court has not had the occasion to address the effects of a special assessment foreclosure sale. We have, however, addressed the effects of a tax foreclosure sale and will therefore use this as a guideline.

G.S. sec. 1-108 provides that:

[i]f a judgment is set aside pursuant to Rule 60(b) or (c) of the Rules of Civil Procedure and the judgment or any part thereof has been collected or otherwise enforced, such restitution *may be* compelled as the court directs. Title to property sold under such judgment to a purchaser in good faith is not thereby affected. (Emphasis added.)

Vic Realty has interpreted this statute as being one which unquestionably prevents the disturbance of a transfer of title to property sold pursuant to a judgment when such judgment was subsequently set aside. This, however, is not an accurate interpretation. Our reading of this statute provides that the conveyance of title to such property, as acquired in good faith, is not *automatically* affected, but, title to such property *may* in fact be affected if the court deems it necessary in the interest of justice.

The trial court determined that defendant did not receive proper service of process and that: (1) setting aside the Order of Confirmation of Sale; (2) declaring the Commissioner's Deed null and void, and (3) concluding that defendant owned the subject property was in the interest of justice. We find no evidence to indicate the converse and therefore this Assignment of Error is overruled.

[2] Assignment of Error number two challenges the trial court's order setting aside the Judgment of 15 April 1986.

G.S. sec. 105-375(c) provides that a "tax collector . . . shall, at least 30 days prior to docketing the judgment, send a registered or certified letter, return receipt requested, to the listing taxpayer at his last known address . . . stating that the judgment will be docketed and that execution will be issued."

In the case *sub judice*, defendant asserted as a defense lack of personal service. Defendant also asserted that she did not reside at the address in which most correspondences were sent and that plaintiff knew of her subsequent change of name and address. Vic Realty, on the other hand, asserted that irrespective of the fact that plaintiff acquired a judgment against defendant without prop-

er notification, title to the property was acquired pursuant to such judgment and therefore the Commissioner's Deed given to Vic Realty, as a purchaser in good faith, must not be affected.

We must reject Vic Realty's argument since the evidence clearly shows that there was no personal service upon the defendant and that plaintiff knew that defendant no longer resided at the record address. Assuming *arguèndo* that plaintiff was not notified of defendant's name and address change at the time the complaint was filed, plaintiff was nevertheless placed on notice of such changes when it received a check dated 26 December 1984 as partial payment for the unpaid debt. Such payment indicated defendant's married name and current address. As an additional factual consideration, plaintiff mailed a letter to defendant advising her that there remained an unpaid balance on the curb and gutter debt. Such letter cannot go unnoticed when it was dated 27 December 1986 and was addressed as follows:

Myrtle Atkinson
Rt. 1 Box 95-A
Morrisville, NC 27560

With all of these factors in mind, the trial court unerringly ruled that the judgment entered in the action was void. In its sound discretion, pursuant to G.S. sec. 60(b)(4), which permits a judgment that is void to be set aside, the trial court also properly set aside the judgment.

For the foregoing reasons, the judgment of the trial court granting defendant's motion to set aside the Judgment, Order of Confirmation of Sale and Commissioner's Deed is

Affirmed.

Judges WELLS and ORR concur.

Judge WELLS concurring.

In the foreclosure proceedings, the attempted service of process on defendant Stallings was insufficient to confer jurisdiction on the court to enter judgment against her and the judgment against her is therefore void — a legal nullity. *See Marketing Systems v. Realty Co.*, 277 N.C. 230, 176 S.E.2d 775 (1970); *Board of Health v. Brown*, 271 N.C. 401, 156 S.E.2d 708 (1967). The provisions of

**IN RE ESTATE OF FINCH**

[97 N.C. App. 489 (1990)]

G.S. 1-108 cannot have the effect of validating any aspect of the void judgment in this case or of validating any consequences flowing from that judgment adverse to defendant Stallings.