An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-74

NORTH CAROLINA COURT OF APPEALS

Filed:  2 September 2014

THE COUNTY OF JACKSON, a North
Carolina body politic,
     Plaintiff,

v.                                    Jackson County
                                      No. 12 CVS 219
VERA MOOR and husband,
M. EUGENE MOOR, II[1],
     Defendants.


Appeal by defendants from order entered 30 October 2013 by Judge Marvin P. Pope in Jackson County Superior Court.  Heard in the Court of Appeals 22 May 2014.

*No brief filed on behalf of plaintiff-appellee.*

*Robinson, Bradshaw & Hinson, P.A., by Thomas P. Holderness, for defendants-appellants.*

DAVIS, Judge.

Vera Moor ("Vera") and M. Eugene Moor, III ("Eugene") (collectively "Defendants") appeal from the trial court's order denying their motion pursuant to Rule 60(b) of the North

---

[1] In the caption of the trial court's order, M. Eugene Moor, III's name appears as "M. Eugene Moor, II."  In all other documents, his name appears as "M. Eugene Moor, III."

Carolina Rules of Civil Procedure to set aside (1) an entry of default; (2) a default judgment; and (3) an order of confirmation regarding the tax foreclosure sale of the subject property. On appeal, Defendants contend that the trial court erred by denying their Rule 60(b) motion because the County of Jackson ("the County") failed to properly serve Defendants with a summons or complaint, thereby rendering void all subsequent orders entered against them. After careful review, we reverse the trial court's order and remand for further proceedings.

## Factual Background

During the time period relevant to this action, Vera was the sole owner of a 2.28 acre tract of land ("the Property") designated as Lot 43, Pinchot in Cashiers Township, which is located in Jackson County, North Carolina. Vera has lived with her husband, Eugene, in Birmingham, Alabama since 1 April 1989.

The County filed a complaint in Jackson County Superior Court on 3 April 2012 seeking to recover delinquent taxes owed on the Property, alleging that $13,808.30 in accrued unpaid taxes existed, relating to tax years 2006-2011. On 4 April 2012, the County sent via certified mail two separate copies of the summons and complaint — one addressed to Vera and one addressed to Eugene — to "P.O. Box 382557, Birmingham, AL

35238."[2]   The summonses and complaints were returned unserved with the notation:  "Unclaimed; Unable to Forward."

On 27 June 2012, the County sent via certified mail two separate copies of the summons and complaint — one addressed to Vera and one addressed to Eugene — to Eugene's office, which was located at 2850 Cahaba Road in Birmingham.  Service at this address was attempted based upon a telephone conversation between Eugene and Jeffrey Goss, the attorney for the County, about the delinquent taxes during which Eugene had allegedly stated that he "would take care of it."

On 29 June 2012, an employee at Eugene's place of business signed the return receipts for both Vera's and Eugene's copies of the summons and complaint.  The County filed affidavits on 2 July 2012 with the Jackson County Clerk of Court showing proof of service.

On 14 August 2012, an entry of default was made by the Clerk of Court, and the County thereafter filed a motion for default judgment.  On 24 September 2012, the Honorable Tanya T. Wallace entered a default judgment against Defendants. Defendants did not participate in any of these proceedings.

---

[2] Although Vera was the sole owner of record of the Property, a copy of the summons and complaint was also sent to Eugene based on the County's apparent belief that because he was Vera's husband, he might "have a marital expectant interest in the [Property]."

On 1 October 2012, the County filed a notice of sale, and on 23 October 2012, a sale was conducted at which the Property was sold for $18,504.00 to Smoky Mtn. Land, Inc. On 7 November 2012, the clerk of court entered an order of confirmation concerning the sale.

On 29 August 2013, Defendants filed a motion pursuant to Rule 60(b) to set aside (1) the entry of default; (2) the default judgment; and (3) the order of confirmation. On 28 October 2013, Defendants' motion was heard by Judge Marvin P. Pope in Jackson County Superior Court. On 30 October 2013, the trial court entered an order denying Defendants' motion. Defendants filed a timely notice of appeal.

**Analysis**

Defendants' argument on appeal is that the trial court erred by denying their Rule 60(b) motion because they were never properly served with process and that, for this reason, the entry of the default, the default judgment, and the order of confirmation are all void.

"N.C. Gen. Stat. § 1A-1, Rule 55(d) provides that a default judgment may be set aside in accordance with N.C. Gen. Stat. § 1A-1, Rule 60(b). Rule 60(b) states that the court may relieve a party from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void. Motions for

relief from judgment are reviewed for an abuse of discretion." *Coastal Fed. Credit Union v. Falls*, 217 N.C. App. 100, 103, 718 S.E.2d 192, 194 (2011) (internal citation, quotation marks, brackets, and ellipses omitted).

A Rule 60(b) motion is the proper method of attacking a final judgment which is void. N.C.R. Civ. P.60(b)(4); *see Wayne Cty. v. Whitley*, 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984) ("A . . . Rule 60(b)(4) motion seeks relief from a final judgment or order which is void.").

> Rule 60(b)(4) . . . allows the trial court to relieve a party from a final order if the judgment is void. . . . A judgment or order rendered without an essential element such as . . . proper service of process is void. . . . [A] void judgment is a legal nullity which may be attacked at any time . . . .

*Van Engen v. Que Scientific, Inc.*, 151 N.C. App. 683, 689-90, 567 S.E.2d 179, 184 (2002) (internal citations, quotation marks, brackets, and ellipses omitted).

It is well settled "that a court may only obtain personal jurisdiction over a defendant by the issuance of summons and service of process by one of the statutorily specified methods. Thus, absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed. . . . The purpose of the service requirement is to provide notice to the party against whom the proceeding or

action is commenced and allow them an opportunity to answer or otherwise plead." *Fender v. Deaton*, 130 N.C. App. 657, 659, 503 S.E.2d 707, 708 (1998) (internal citations omitted), *disc. review denied*, 350 N.C. 94, 527 S.E.2d 666 (1999).

The procedure for service of process upon natural persons is set forth in N.C. Civil Procedure Rule 4(j):

> (j) Process — Manner of service to exercise personal jurisdiction. — In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
>
>> (1) Natural Person. — Except as provided in subdivision (2) below, upon a natural person by one of the following:
>>
>>> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>>>
>>> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>>>
>>> c. By mailing a copy of the summons and of the complaint,

registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C.R. Civ. P.4(j)(1)(a)-(e).

In the present case, the County sent two copies of the summons and complaint — one addressed to Vera and one addressed to Eugene — to Eugene's office by certified mail, return receipt requested, where they were signed for by an employee. Upon receiving the return receipt, the County filed an affidavit claiming that both Defendants had been served.

We conclude that there was no proper service of process as to Vera, the sole owner of the Property. She was neither personally served nor served at her residence. In addition, the

record establishes that Vera was not employed at her husband's business at the time that service was attempted on her there. This Court has made clear that for purposes of service of process, one spouse does not serve as an agent of the other spouse. *See Williams v. Hartis*, 18 N.C. App. 89, 92, 195 S.E.2d 806, 808-09 (1973) (holding that "when husband and wife were named defendants, delivery of a copy of the summons and complaint to the husband with instructions to deliver the copy to defendant wife was not valid service" (internal citation omitted)). Therefore, the County's attempt to serve Vera at her husband's place of business was invalid.

Furthermore, the fact that Vera may have been aware of the County's attempts to serve her is immaterial. *See Stone v. Hicks*, 45 N.C. App. 66, 67, 262 S.E.2d 318, 319 (1980) ("Although both defendants may have had actual notice of the lawsuit, such notice cannot supply constitutional validity to service unless the service is in the manner prescribed by statute." (internal citation omitted)).

Accordingly, because Vera was never properly served, all subsequent orders as to her are void. "The passage of time, however great, does not affect the validity of a judgment; it cannot render a void judgment valid. A nullity is a nullity, and out of nothing nothing comes. *Ex nihilo nihil fit* is one

maxim that admits of no exception." *Jenkins v. Richmond Cty.*, 99 N.C. App. 717, 721-22, 394 S.E.2d 258, 261 (1990) (internal citations and quotation marks omitted), *disc. review denied*, 328 N.C. 572, 403 S.E.2d 512 (1991). As such, we conclude that the trial court abused its discretion by failing to grant the Rule 60(b) motion.[3]

"If a judgment is set aside pursuant to Rule 60(b) . . . and the judgment or any part thereof has been collected or otherwise enforced, such restitution may be compelled as the court directs. Title to property sold under such judgment to a purchaser in good faith is not thereby affected." N.C. Gen. Stat. § 1-108 (2013). We have interpreted this statute as "provid[ing] that the conveyance of title to such property, as acquired in good faith, is not *automatically* affected, but, title to such property *may* in fact be affected if the court deems it necessary in the interest of justice." *Town of Cary v. Stallings*, 97 N.C. App. 484, 487, 389 S.E.2d 143, 145 (1990).[4]

---

[3] Because we have determined that Vera, the sole owner of the Property, was never properly served, we need not address the issue of whether the attempted service on Eugene at his office was proper.

[4] In *Stallings*, the Town of Cary improperly served the original owner of a parcel of real property with a summons and complaint in an action to recover an assessment for improvements made to the subject property's curb and gutters. *Stallings*, 97 N.C. App. at 485-87, 389 S.E.2d at 144-45. After obtaining an entry of default and a default judgment, the Town of Cary sold the

In the present case, we leave it to the trial court on remand to determine the appropriate remedy in the interests of justice in light of our decision reversing its denial of Defendants' Rule 60(b) motion.

## Conclusion

For the reasons stated above, we reverse the order of the trial court denying Defendants' Rule 60(b) motion and remand for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Judges HUNTER, JR. and ERVIN concur.

Report per Rule 30(e).

---

property at a foreclosure sale. *Id*. at 485–86, 389 S.E.2d at 144. Despite the fact that the property was purchased in good faith by a third-party, the trial court determined, based on the interests of justice, that title to the property should be restored to the original owner. *Id*. at 487–88, 389 S.E.2d at 145. On appeal, we affirmed the trial court's ruling. *Id*. at 487–88, 389 S.E.2d at 145–46.