MURPHY, Judge, dissenting.
I agree with the Majority in so far as it holds that the HOA failed to provide Ackah with sufficient notice under Rule 4 of the North Carolina Rules of Civil Procedure of its intent to enforce its statutory lien against the Property. However, I disagree with the Majority's holding that N.C.G.S. § 1-108 (2015) barred the trial court from granting Ackah any relief that affected Jones Family's title in the Property, and therefore I respectfully dissent.
Jones Family maintains that the trial court lacked jurisdiction to enter its 30 December 2015 Order setting aside the foreclosure sale and putting Ackah back in possession of the Property, even if the HOA failed to comply with all procedural timelines and notices. Specifically, Jones Family contends there is a statutory prohibition against disrupting a good faith purchaser's title to property. I disagree.
Jones Family's contention is incorrect. In foreclosure proceedings, we have interpreted the final portion of *801 section 1-108 of the North Carolina General Statutes not as an absolute bar to the disruption of a transfer of title pursuant to a final judgment, but rather to mean that, when a judgment to set aside an order for sale is entered pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, the judgment does not automatically affect title to the property at issue. Town of Cary v. Stallings , 97 N.C. App. 484, 487, 389 S.E.2d 143, 145 (1990). Instead, "title to such property may in fact be affected if the court deems it necessary in the interest of justice." Id. at 487, 389 S.E.2d at 145.
By way of example, in Stallings the defendant failed to pay the cost of improvements made in front of her property by the Town of Cary. Id. at 485, 389 S.E.2d at 144. Consequently, the Town of Cary foreclosed on its assessment lien against her property and eventually the property was sold to a good faith purchaser. Id. at 485-86, 389 S.E.2d at 144. As here, the defendant then filed motion to set aside the judgment pursuant to *295 Rule 60, which the trial court ultimately granted. Id. at 486, 389 S.E.2d at 144. On appeal, the good faith purchaser similarly argued that the trial court's order to set aside the final judgment should not have affected its purchase of the property. Id. at 486, 389 S.E.2d at 144-45. We upheld the trial court's determination that the defendant did not receive proper service of process and, for that reason, affirmed the trial court's resulting decision to set aside the order for sale, declare the Commissioner's Deed null and void, and put the defendant back in possession of the property. Id. at 487, 389 S.E.2d at 145. Therefore, pursuant to this Court's decision in Stallings and our Supreme Court's holding in In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), we must likewise recognize that "title to ... property may in fact be affected if the court deems it necessary in the interest of justice[,]" Stallings , 97 N.C. App. at 487, 389 S.E.2d at 145.
In reaching its conclusion, the Majority holds that we are not bound by Stallings and instead cites to precedent from our Supreme Court as the basis for its opinion. While I recognize that, "where there is a conflict between an opinion from this Court and one from our Supreme Court, we are bound to follow the Supreme Court's opinion," that rule is inapplicable to the instant case because the line of Supreme Court cases to which the Majority cites deals with predecessors to N.C.G.S. § 1-108 and are therefore not directly on point. State v. Mostafavi , --- N.C. App. ----, ----, 802 S.E.2d 508, ---- (2017) (citations omitted). Furthermore, implicit in the binding effect of our holding in Stallings is the logic that, in deciding that case, we considered the decisions that came before it and rejected the application of the Majority's line of cases to N.C.G.S. § 1-108.
In sum, more than a quarter of a century ago, we rejected Jones Family's interpretation of N.C.G.S. § 1-108 in Stallings and the Supreme Court has not seen fit to disturb our holding. The trial court's order in the instant case is consistent with our precedent. I see no reason to conclude, as Jones Family suggests, that the trial court acted without jurisdiction in divesting it of the Property and I respectfully dissent from the Majority's holding embracing Jones Family's argument over binding caselaw.